9 F.3d 108
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roger L. LYLE, Plaintiff-Appellant,
v.
Richard M. McKEON, Defendant-Appellee.
 No. 92-2352.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1993.
 
 1
 Before: MARTIN and BOGGS, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Roger Lyle, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, Lyle sued McKeon, the Executive Assistant to the Director of the Michigan Department of Corrections, essentially alleging that McKeon deprived him of his typewriter in violation of his procedural due process rights. He sued the defendant in his individual and official capacities.
 
 
 4
 Lyle alleged that a prison librarian had told him that he could have his typewriter sent directly to the prison library. When Lyle's sister did so, the package was rejected because prison policy required that such packages be sent to the prison property room instead of the library and that such items could only be sent to the prison by approved vendors. Lyle alleged that he filed a grievance and received a hearing, but that he did not receive a response on his request for a declaratory ruling on the incident.
 
 
 5
 The district court dismissed his complaint as frivolous, concluding that the suit fit within the doctrine of Parratt v. Taylor, 451 U.S. 527, 541-42 (1981), overruled in part by Daniels v. Williams, 474 U.S. 327 (1986). In his somewhat confusing brief, Lyle continues to argue the merits of his claim. The defendant has notified the court that he will not be filing a brief.
 
 
 6
 Upon de novo review, we affirm the district court's judgment for reasons other than those stated by the district court in its opinion filed October 5, 1992. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990); Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam). We do not believe that this case falls within the Parratt doctrine because the alleged deprivation was accomplished pursuant to established prison procedure, and it appears the prison officials were in a position to provide Lyle with pre-deprivation process. See Zinermon v. Burch, 494 U.S. 113, 136-39 (1990); Watts v. Burkhart, 854 F.2d 839, 843 (6th Cir.1988); Spruytte v. Walters, 753 F.2d 498, 509-10 (6th Cir.1985), cert. denied, 474 U.S. 1054 (1986). Nonetheless, we conclude that Lyle received all the process due him in this case, and therefore affirm the district court's judgment because there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation